UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TYREE J. WHITE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00868-JPH-MPB |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Granting Motion for Relief Pursuant to 28 U.S.C. § 2255**

This matter is before the Court on a Motion to Vacate, Set Aside or Correct a Sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Tyree J. White ("White"). For the reasons explained in this Order, the motion is **granted.**

**I. Section 2255 Motion Standards**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013) (citing *Prewitt v. United States,* 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States,* 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual and Procedural Background

On November 9 2017, Mr. White was charged with three counts of conspiracy to commit robbery in violation of 18 U.S.C. §1951(a) and one count of conspiracy to commit armed bank robbery, in violation of 18 U.S.C. §§2113(a), 2113(d) and 371. *See United States v. White*, 1:17-cr-00182-JPH-TAB-1 (S.D. Ind.) (hereinafter "Crim. Dkt."), dkt. 1. On December 20, 2017, Mr. White pleaded guilty to each of the charges. Crim. Dkt. 49. The parties did not enter a plea agreement, and White did not waive his right to appeal.

Mr. White's sentencing hearing was held on April 25, 2018. Crim. Dkt. 58. Mr. White was sentenced to an aggregated term of 108 months' imprisonment. Crim. Dkt. 61. Mr. White attests that "[a]t the conclusion of the sentencing hearing, [he] immediately turned to [trial counsel] and asked him to prepare an appeal on [his] behalf." Dkt. 44-1 at 2. Neither Mr. White nor his trial counsel filed a notice of appeal within the 14-day deadline.

Approximately five months after the expiration of the 14-day notice of appeal deadline, upon learning that his trial counsel had not filed a notice of appeal on his behalf, Mr. White filed a belated notice of appeal. *See United States v. White*, No. 18-3165 (7th Cir. 2018). On December 14, 2018, the Seventh Circuit dismissed the appeal as untimely. *Id.*

On February 28, 2019, Mr. White filed this motion pursuant to § 2255, arguing that his trial counsel was ineffective because he failed to file a notice of appeal as Mr. White requested. Dkt. 2 at 5-7. Mr. White also alleges that his trial counsel was ineffective because he did not seek a minor role reduction under § 3B1.2 of the sentencing guidelines. *Id*. at 7–10.

## III. Discussion

The Sixth Amendment to the United States Constitution guarantees criminal defendants the assistance of counsel. A petitioner claiming ineffective assistance of counsel bears the burden

of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 476–77 (2000). And "[w]hen counsel fails to file a requested appeal, a defendant is entitled to . . . an appeal without showing that his appeal would likely have merit." *Peguero v. United States*, 526 U.S. 23, 28 (1999). "In other words, '[w]hen a defendant asks his attorney to pursue a direct appeal and the attorney does not do so, it is per se ineffective assistance of counsel.'" *Dowell v. United States*, 694 F.3d 898, 901 (7th Cir. 2012) (quoting *Gant v. United States*, 627 F.3d 677, 681 (7th Cir. 2010)).

Here, Mr. White states in his affidavit that he asked his trial counsel to file an appeal for him while the two were together in person at the conclusion of his sentencing hearing. *See* dkt. 44-1 at 2 ("At the conclusion of the sentencing hearing, I immediately turned to [trial counsel] and asked him to prepare an appeal on my behalf."); *see also* dkt. 2 at 5 (stating that he asked trial counsel after his sentencing hearing to file a notice of appeal). In response, the United States has provided an affidavit from Mr. White's trial counsel. *See* dkt. 23-1 at 1. That affidavit does not dispute Mr. White's assertion. Instead, it says that Mr. White did not send his trial counsel a letter or contact him via telephone from prison to request an appeal. The government's evidence does not contest or refute Mr. White's sworn statement so the undisputed evidence is that Mr. White instructed his attorney in person at the conclusion of the sentencing hearing to file a notice of

appeal, but his attorney did not do so.[1] Accordingly, Mr. White must be afforded a new opportunity

to appeal his conviction and sentence. *See Garza v. Idaho*, 139 S. Ct. 738, 749 (2019) ("When

counsel's deficient performance forfeits an appeal that a defendant otherwise would have taken,

the defendant gets a new opportunity to appeal.").

Because Mr. White is being afforded the opportunity to file a direct appeal, his other claims

are **dismissed without prejudice**. This is because Mr. White shall have the opportunity to raise

his claims after the disposition of this § 2255 motion. *United States v. Barger*, 178 F.3d 844, 848

(7th Cir. 1999) (stating that when a district court grants a petitioner the right to file a direct appeal

as a result of a § 2255 motion, the district court should properly dismiss the other claims without

prejudice).

### IV. Conclusion

For the reasons explained in this Order, Mr. White's motion for relief pursuant to 28 U.S.C.

§ 2255 is **granted** to the extent that Mr. White may appeal the conviction and sentence that was

---

[1] The United States' suggestion that White's statement made under the penalty of perjury should be disregarded as "self-serving," dkt. 23 at 11, is rejected. As the Seventh Circuit has explained:

> [W]e advise against using one label repeatedly deployed in the government's brief, "self-serving," to describe an opponent's sworn testimony. Important testimony of a party is usually self-serving by its nature. *Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 696 (7th Cir. 2011); *Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir. 2003). In other contexts, we "long ago buried—or at least tried to bury—the misconception that uncorroborated testimony from the non-movant cannot prevent summary judgment because it is 'self-serving.'" *Berry v. Chicago Transit Auth.*, 618 F.3d 688, 691 (7th Cir. 2010), *quoted in Trinity Homes LLC v. Ohio Cas. Ins. Co.*, 629 F.3d 653, 660 (7th Cir. 2010). The same principle holds true for habeas corpus petitions and § 2255 motions.

*Ryan v. United States*, 657 F.3d 604, 606, fn.1. (7th Cir. 2011).

imposed by the Court in Case No. 1:17-cr-00182-JPH-TAB-1. The motion is in all other respects **dismissed without prejudice.**

To affect this ruling, the Court **vacates** the criminal judgment and shall **re-enter an identical judgment** in Case No. 1:17-cr-00182-JPH-TAB-1. Pursuant to Federal Rules of Civil Procedure 32(j)(2), once the identical judgment is entered, the **Clerk is directed to file a Notice of Appeal** on Mr. White's behalf.

Judgment consistent with this Entry shall now issue and the Clerk shall **docket a copy of this Entry** in Case No. 1:17-cr-00182-JPH-TAB-1. The motion to vacate in the underlying criminal action, Crim. Dkt. [81], is **granted** consistent with this Order.

**SO ORDERED.**

Date: 7/12/2021

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email